

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GARY EDWARDS,** | CASE NO: CV99-131-N-EJL |
| Plaintiff, | **ORDER** |
| vs. | |
| **CITY OF COEUR D'ALENE, et al,** | |
| Defendants. | |

Plaintiff Gary Edwards brings this action against Defendants City of Coeur d' Alene (the "City"), Mayor Steve Judy and City Council President Nancy Sue Wallace[1] alleging, among other things, that the City's policy of regulating the type of sign a person can carry at a parade is an unconstitutional abridgement of Plaintiff's free speech rights under the First Amendment. On May 21, 1999, the Court entered an Order that granted Plaintiff's Motion for Preliminary Relief by enjoining the Defendants from the enforcement of "any policies against

---

[1] Pursuant to the parties' stipulation, the Court on May 17, 1999, dismissed this action with prejudice as to Defendants Kootenai County, Sheriff Pierce Clegg, Captain Ben Wolffinger and Deputy Dick White.

ORDER-Page 1
99ORDERS\EDWARDS.WPD

Plaintiff's carrying of signs with handles at any future City events unless said policy is duly enacted by the City's elected representatives, constitutes reasonable time, place and manner restrictions . . . and is applied in an even-handed fashion." The Court's decision to enter the Order was based on the Defendants' failure to timely oppose Plaintiff's motion and the lack of any controlling City ordinance governing the use of signs at a parade. Subsequently, the Defendants moved for relief from the Court's Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Then, on May 24, 1999, the City enacted Ordinance 2920 to regulate the use of signs at parades and public assemblies. The Plaintiff, in turn, requested leave to file a First Amended Verified Complaint, so that he could bring a facial challenge to the City's Ordinance, and moved for preliminary injunctive relief against Ordinance 2920, section 1(D).

The parties' motions are now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

1. Motion to Amend

The Court will first address the Plaintiff's motion for leave to file an amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." "'Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion' to deny leave to amend." United States v. Pend Oreille Public Utility Dist. No. 1, 926 F.2d 1502, 1511-12 (9th Cir.), cert. denied, 502 U.S. 956 (1991). The Defendants do not oppose the Plaintiff's motion, but request leave to

ORDER-Page 2
99ORDERS\EDWARDS.WPD

amend their answer.² With that understanding, the Plaintiff's motion will be granted and the Court will order the Clerk to file Plaintiff's First Amended Verified Complaint.

## 2. Motion for Relief

The Court considers next the Defendants' motion for relief from the Order entered May 21, 1999. The Defendants ask the Court to vacate its Preliminary Injunction and review the Defendants' memorandum of law on this matter. The Court need not address the merits of the Defendants' motion, however, because it finds that the City's enactment of Ordinance 2920 and the amendment of Plaintiff's complaint to challenge the same, moots the issues underpinning the Preliminary Injunction. The Court entered the Order of May 21, 1999 to enjoin the City from enforcing policies regarding the display of signs at public assemblies, "unless said policy is duly enacted . . . [and] constitutes reasonable time, place and manner restrictions." With the passage of Ordinance 2920, the focus of this lawsuit has shifted to a determination of whether the City's Ordinance is in fact a reasonable time, place and manner restriction. In this regard, the Court's Order of May 21, 1999 now fails to "be 'specific in terms' and describe 'in reasonable detail' the acts sought to be restrained." Gates v. Shinn, 98 F.3d 463, 467 (9th Cir. 1996) (quoting Fed. R. Civ. P. 65(d)), cert. denied, 520 U.S. 1274 (1997). Rather than expend resources on a dispute that is no longer relevant to the claims asserted in the Plaintiff's First Amended Verified Complaint, the Court will dissolve the Preliminary Injunction of May 21, 1999 and address the merits of the Plaintiff's current Motion for Preliminary Injunctive Relief Against Ordinance 2920, Section 1(D).

## 3. Motion for Preliminary Injunction

---

² The Defendants also express concern regarding the elimination of the Kootenia County Defendants from the Amended Complaint. However, the Kootenia County Defendants have been dismissed as parties by an Order of the Court and, therefore, they are no longer part of this action. The Amended Complaint merely reflects this reality.

ORDER-Page 3
99ORDERS\EDWARDS.WPD

To succeed on his motion, the Plaintiff must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in the Plaintiff's favor. Baby Tam & Co., Inc. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Because a preliminary injunction is a judicial remedy that is issued to protect a plaintiff from irreparable harm while preserving the Court's power to render a meaningful decision after a trial on the merits, a preliminary injunction may issue even though a plaintiff's right to permanent injunctive relief is not certain.

Initially, the Defendants contest the Plaintiff's standing to seek injunctive relief. In this regard, the Defendants cite to case law in the Ninth Circuit which sets forth the standard for establishing standing in an equitable relief case. However, these usual standing requirements are relaxed where, as here, the Plaintiff is making a facial challenge to an ordinance under the First Amendment. As the United States Supreme Court explained: "This exception from general standing rules is based on an appreciation that the very existence of some broadly written laws has the potential to chill the expressive activity of others not before the court." Forsyth County v. Nationalist Movement, 505 U.S. 123, 129 (1992); see also City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750, 755-59 (1988). Moreover, in this case, the Plaintiff has declared, by way of the Verified Amended Complaint, that he has been arrested in the past "for refusing to deconstruct a hand-held sign protesting an Aryan Nations parade in [the City]" and that he "is fearful that if he again takes his sign to an Aryan Nations protest, or creates a new sign . . . he will be arrested and/or incarcerated and/or fined pursuant to [the] City [O]rdinance[]." Furthermore, Plaintiff has declared his intention to protest, with a sign, at any Aryan Nations parade. Finally, the Plaintiff has submitted evidence which

indicates that the City has granted the Aryan Nations a permit to hold a parade in the City on September 4, 1999. Thus, the Plaintiff has shown there is a "credible threat" of immediate future injury and, accordingly, he also has satisfied general standing requirements. Kolender v. Lawson, 461 U.S. 352, 355 n.3 (1983); see also Bras v. California Public Utilities Com'n, 59 F.3d 869, 873-74 (9th Cir. 1995), cert. denied, 516 U.S. 1084 (1996).

The Plaintiff's demonstration of a credible threat of immediate threatened injury is sufficient under the preliminary injunction analysis to establish at least a minimal possibility of irreparable injury. See Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). The Court will focus then, as the parties have, on the probability of Plaintiff's success on the merits.

An ordinance "controlling the time, place, and manner of speech must not be based on the content of the message, must be narrowly tailored to serve a significant governmental interest, and must leave open ample alternatives for communication." Forsyth County, 505 U.S. at 130. Further, such an ordinance must also meet certain other constitutional requirements; it must not be overly broad or vague or violate equal protection principles. Id.; Grayned v. City of Rockford, 408 U.S. 104, 108 (1972); Police Department v. Mosley, 408 U.S. 92, 96 (1972). For the reasons set forth below, the Court concludes there is a distinct possibility that the City's Ordinance violates one or more of these constitutional requirements.

The substantive provisions of Ordinance 2920 are arranged under "Section 1." (Mem. Supp. Pl's Pray That Ord. No. 2920, Section 1(D) Be Stricken, Ex. G).[3] Subsections A and B regulate the possession of weapons at a parade or public assembly. Subsection C lists

---

[3] Defendants agree that Ex. G is a true and correct copy of the Ordinance now in effect. (Resp. by Defs. at 4 n.1).

ORDER-Page 5
99ORDERS\EDWARDS.WPD

certain entities that "are exempted from the provisions of this section," and specifically exempts "[m]embers of any United States Military Veteran's organizations that are national in scope, chartered by the United States Congress and have a tradition of participating in parades and public assemblies." Subsection D regulates the types of sign that may be worn or carried at a parade or public assembly. Subsection E contains definitions.

Whether viewed as a violation of equal protection principles, see Mosley, 408 U.S. at 96, or as "sensitive to the content of the message," Lakewood, 486 U.S. at 766, the exemption provided by subsection C to "[m]embers of any United States Military Veteran's organizations" most likely renders Ordinance 2920, section 1(D), constitutionally infirm. It is beyond doubt that a governmental entity cannot favor one group over another when it regulates First Amendment expression. See, e.g., Mosley, 408 U.S. at 95-102; Lakewood, 486 U.S. at 766-67. And the Supreme Court has "frequently condemned such discrimination among different users of the same medium for expression." Mosley, 408 U.S. at 96.

The Defendants' effort to explain this exemption is limited to one paragraph where the Defendants state in relevant part "that [the] exceptions contained in the weapons portion of the parade ordinance . . . . do not affect the Plaintiff's right to carry signs, nor do they give parade participants or other demonstrators an opportunity to carry a sign which is denied to Plaintiff." (Resp. by Defs. at 12). The Defendants' construction of the Ordinance is clearly wrong. No reasonable reading of the City's Ordinance limits the exemptions in subsection C to a modification of only subsections A and B, the weapons portion of the Ordinance. There is nothing to support the Defendants' interpretation and, indeed, the Ordinance itself expressly provides that the entities listed in subsection C "are exempted from the provisions of this section." In fact, the City's Ordinance does "give parade participants or other demonstrators an opportunity to carry a sign which is denied to Plaintiff" and, accordingly, the Court finds

it is probable that Plaintiff will successfully demonstrate at trial that subsection D of Ordinance 2920 is unconstitutional. Therefore, the Court will grant the Plaintiff's Motion for Preliminary Injunctive Relief Against Ordinance 2920, Section 1(D).

In doing so, the Court does not minimize the Defendants' interest in maintaining the peace during a parade or public assembly. However, the Defendants cannot accomplish this legitimate and important governmental goal by imposing a selective restriction on expressive conduct. Mosley, 408 U.S. at 101-02 ("Chicago may not vindicate its interest in preventing disruption by the wholesale exclusion of picketing on all but one preferred subject."). The Court's ruling will leave in effect all aspects of the City's Ordinance that regulate the possession of weapons at a parade or public assembly. And the Court will order expedited case management deadlines, so that the matters at issue can be resolved as quickly as possible.

## ORDER

Based on the foregoing, and the court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File the First Amended Verified Complaint (docket no. 21) is **GRANTED**. The Clerk shall file the same forthwith;

2. The Preliminary Injunction issued on May 21, 1999 (docket no. 11) is **DISSOLVED**;

3. The Defendants' Motion for Relief From Order Entered May 21, 1999 (docket no. 12) is **DENIED** as moot;

4. The Plaintiff's Motions to Supplement Briefing (docket nos. 27 & 33-1) are **GRANTED**;

5. The Plaintiff's Motion to Expedite Review (docket no. 33-2) is **DENIED** as moot; and,

6. The Plaintiff's Motion for Preliminary Injunctive Relief Against Ordinance 2920, Section 1(D) (docket no. 19) is **GRANTED** as follows:

**Defendants shall not enforce Section 1(D) of Ordinance 2920. All other subsections of Section 1 and all other sections of Ordinance 2920 shall remain in effect.**

7. **IT IS FURTHER ORDERED** that the parties to this action shall adhere to the following deadlines:

**Amendment of Answer:** An Amended Answer, if any, shall be filed on or before **September 17, 1999**.

**Disclosure of Experts:** The Plaintiff shall disclose expert witnesses and the expected testimony of those witnesses on or before **September 3, 1999**. The Defendants shall disclose expert witnesses and the expected testimony of those witnesses on or before **September 17, 1999**. F.R.C.P. 26(a)(2)(B), as modified by Local Rule 26.2(b), shall be followed. All rebuttal experts shall be identified on or before **October 1, 1999**.

**Completion of Discovery:** All discovery shall be completed on or before **October 29, 1999**. Discovery requests must be made far enough in advance to allow completion of the discovery in accordance with the applicable federal rules prior to the discovery cut-off date.

**Settlement Conferences:** That the parties shall meet, at a time and place agreeable to the parties, during the week of **October 11, 1999,** with individuals who have settlement authority, to engage in settlement negotiations.[4] The parties shall file with the court on or before **October 29, 1999,** a joint written statement outlining the efforts and progress made towards settlement. The report shall also state the parties' estimated trial time.

---

[4] Upon request of the parties, a court-supervised settlement conference could be arranged by this court before a United States magistrate judge at any time, or, upon sufficient notice, during the designated week set forth above.

ORDER-Page 8
99ORDERS\EDWARDS.WPD

**Pre-Trial Motions:** All pre-trial motions, if any, shall be filed with the accompanying briefs on or before **October 29, 1999.** Response briefs, if any, to the motions filed on the pre-trial motions deadline, shall be filed on or before **November 15, 1999.** Reply briefs, if any, shall be filed on or before **December 1, 1999.**

For any pre-trial motions filed prior to the deadline, the responsive briefing due date shall be those set forth in Local Rule 7.1.

Motions in limine, if any, shall be filed on or before **January 28, 2000.** Response to motions in limine, if any, shall be filed on or before **February 14, 2000.** The Court, upon a review of the pending motions, will determine whether a hearing is necessary.

**Witness Lists:** Witness lists shall be filed fourteen (14) days prior to trial, unless otherwise ordered or agreed upon. Witness lists shall contain the material listed in F.R.C.P. 26(a)(3)(A)&(B), and shall include a brief description of the subject matter of the witnesses' expected testimony.

**Exhibits and Exhibit Lists:** The exhibit lists shall follow the guidelines set out in Local Rule 16.1(d)(4)&(5). Plaintiff's Exhibits should be numbered and listed starting with "1." Defendant shall contact Carol Vaughn, In-court Deputy, 208-334-9022, to receive their exhibit numbers. If either side has multiple parties or numerous exhibits, contact Ms. Vaughn for number assignments. Each exhibit should be labeled with a color-coded sticker. (Yellow for plaintiff; blue for defendant. Stickers are available at the Clerk's Office, US courthouse.) The number of the exhibit and number of the case should be on all exhibits. A set of originally marked exhibits and a copy of the exhibit list shall be delivered to Ms. Vaughn no later than the last working day prior to trial. Two complete sets of exhibit copies and exhibit lists should be submitted for use of the Court and staff attorney and a copy should also be delivered to

opposing counsel. Impeachment exhibits will be marked, sealed and delivered only to the Court. Except for good cause shown, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this order.

**Pre-Trial Briefs:** Trials briefs shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The Court is to be advised and briefed on all anticipated evidentiary problems <u>before</u> trial; no motions will be heard on the morning of a jury trial unless approved by the court in advance.

**Trial Date:** A **court trial** shall be held on **February 28, 2000, at 1:30 p.m.** in the Federal Courthouse in **Coeur d' Alene**, Idaho.[5] The trial is tentatively scheduled for four (4) days. Because the trial date was chosen by counsel and not imposed by the Court, a continuance for reason will be granted only upon a showing of extraordinary circumstances.

**Court Trial Requirements:** Proposed Findings of Fact and Conclusions of Law are to be submitted at least fourteen (14) days before trial. Attach an index directing the Court's attention to the evidence that will support the proposed findings or conclusions of law. A stipulation on all non-contested issues should accompany these documents.

**Mediation:** Parties will notify the Court if mediation is desired.

Dated this 17th day of August, 1999.

EDWARD J. LODGE
UNITED STATES DISTRICT JUDGE

---

[5] **The parties are further advised** that criminal matters may also be set on that date, which would supersede all civil settings; however, civil matters would commence in the order set at the conclusion of any criminal proceedings, if time allows.

United States District Court
for the
District of Idaho
August 17, 1999

* * CLERK'S CERTIFICATE OF MAILING * *

Re: 3:99-cv-00131

I certify that a copy of the attached document was mailed to the following named persons:

Bryan J Brown, Esq.
AMERICAN FAMILY ASSOCIATION LAW CENTER
PO Drawer 2440
107 Parkgate
Tupelo, MS 38803

Brian Fahling, Esq.
AMERICAN FAMILY ASSOCIATION LAW CENTER
PO Drawer 2440
107 Parkgate
Tupelo, MS 38803

Stephen F Smith, Esq.
COOKE LAMANNA COGSWELL & SMITH
PO Box C
Sandpoint, ID 83864-0034

Nick M Lamanna, Esq.
COOKE LAMANNA COGSWELL & SMITH
PO Box C
Sandpoint, ID 83864-0034

Clark H Richards, Esq.
LUKINS & ANNIS
250 Northwest Blvd #102
Coeur d'Alene, ID 83814-2971

Cameron S. Burke, Clerk

Date: August 17, 1999      BY: Carol Vaug__
                                (Deputy Clerk)